THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* GEORGE STRAEHLE, Respondent.

Second Department, October 14, 1968.

*Carl A. Vergari, District Attorney* (*B. Anthony Morosco* of counsel), for appellant.

*McGovern, Vincent & Connelly* (*Frank H. Connelly, Jr.*, of counsel), for respondent.

CHRIST, J. An indictment for perjury in the first degree against a police officer of the City of New Rochelle has been dismissed and the People appeal. The officer executed a waiver of immunity and testified before a Grand Jury concerning a telephone conversation he allegedly had had with a gambler. The gambler and the officer were indicted for perjury. A trial was held in which the gambler was convicted, but the jury could not reach a verdict as to the officer and a mistrial resulted as to him. It was then that the motion to dismiss the indictment was made and granted.

The issue is: may a police officer who has signed a waiver of immunity, under the compulsion of losing his job, be indicted for perjury for willfully testifying falsely before a Grand Jury?

An ordinary witness before a Grand Jury who has not signed a waiver enjoys immunity from prosecution "for substantive crimes based on his * * * testimony" before such jury; nevertheless, he has no immunity against a charge of perjury knowingly and intentionally committed before the same body (*People* v. *Tomasello,* 21 N Y 2d 143, 150). On the very day that the *Tomasello* case was decided, the Court of Appeals handed down its decision in *People* v. *Goldman* (21 N Y 2d 152, app. dsmd. for want of a substantial Federal question *sub nom.*

*Goldman* v. *New York,* 392 U. S. 643), a case having the exact fact pattern of the one now before us for decision.

Goldman, a New York City policeman, signed a waiver of immunity and then proceeded to intentionally give false testimony before a Grand Jury. He was indicted and convicted and the Court of Appeals affirmed. If this were all, nothing more need be said except to order a reversal of the dismissal of the indictment herein.

The need for clarification arises from the fact that in the Court of Appeals decision in *Goldman* extensive reference was made to a previous decision of the Court of Appeals in *Matter of Gardner* v. *Broderick* (20 N Y 2d 227). The Supreme Court of the United States (*Gardner* v. *Broderick,* 392 U. S. 273) has reversed the *Gardner* case and the respondent urges that this reversal *sub silentio* also reverses the *Goldman* case. In this we do not agree, for, although large reference was made to *Gardner,* the fact patterns and the holdings of the two cases are quite dissimilar. Justice FORTAS in *Gardner* stated that the precise issue and holding was that a police officer who refuses to sign a waiver of immunity concerning testimony to be given before a Grand Jury may not, for that reason, be dismissed from his public office. Gardner had refused to sign the waiver and was dismissed. Goldman criminally perjured himself and was convicted. Gardner never testified and no criminal charges whatsoever were involved in his case.

The waiver, signed by the defendant in this case, was obtained under an illegal compulsion and was therefore ineffective (*Gardner, supra*). Thus, when officer Straehle appeared before the Grand Jury under an invalid waiver of immunity, he retained all the protection available to a nonwaiving witness. Such immunity is granted to enable a witness to aid the State by his truthful testimony. He is not given the immunity for the purpose of deceiving a Grand Jury and misleading its investigation. Thus, if the witness, having been given the protection of the immunity from prosecution for substantive crimes, willfully gives false testimony, he is subject to indictment, prosecution and conviction for that perjury (*People* v. *Tomasello,* 21 N Y 2d 143; *supra*; *People* v. *Goldman,* 21 N Y 2d 152, *supra*). The *Gardner* case does not change that principle.

Accordingly, we reverse, on the law, deny defendant's motion and reinstate the indictment. The findings of fact below are affirmed.

BELDOCK, P. J., BRENNAN, RABIN and MUNDER, JJ., concur.

Order reversed, on the law, defendant's motion denied and indictment reinstated. The findings of fact below are affirmed.